IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DERRICK TAYLOR,

    Defendant.

Cv. No. 05-2886-Ma/V
Cr. No. 92-20127-1-G

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Defendant Derrick Taylor, Bureau of Prisons inmate registration number 13725-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se motion pursuant to 28 U.S.C. § 2255 on December 5, 2005 in which he asserted that he is entitled to a new sentencing hearing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The Court issued an order on February 24, 2006 denying the motion as time barred and because Booker has not been made retroactively applicable to cases on collateral review. The order also denied a certificate of appealability. Judgment was entered on March 1, 2006.

    On March 7, 2006, Taylor filed a motion for reconsideration, which the Court construes as a timely motion pursuant to Fed. R. Civ. P. 59(e), in which he asserts that the timeliness of his motion should be evaluated under ¶ 6(3) of 28 U.S.C. § 2255, which provides that, in an appropriate case, the running of the limitations period may commence on "the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Taylor relies on the recent decision in Dodd v. United States, 125 S. Ct. 2478 (2005), which held that the one-year limitations period applicable to § 2255 motions commences to run on the date on which the Supreme Court "initially recognized" the right asserted in the motion, rather than the date on which the right is "made retroactiv[e]." The February 24, 2006 order addressed the effect of Booker on the § 2255 limitations period:

> In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. As the Supreme Court did not hold that Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period began to run when Taylor's conviction became final.

02/24/06 Order at 4 n.1.

Taylor does not explain how the decision in Dodd alters this analysis. The Supreme Court in Dodd did not encourage inmates to file facially § 2255 motions whenever a potentially helpful Supreme Court decision issues in order to preserve their rights in the event that decision is later held to be retroactively applicable to cases on collateral review.

The motion for reconsideration is DENIED.

IT IS SO ORDERED this 16th day of March, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

05-2886.Order2

2